UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------x
RHS GRAND LLC,

       Plaintiff,

    -against-           **SUMMARY ORDER OF REMAND**
                     17-CV-5241 (DLI)(JO)
GRAND REALTY ASSOCIATES, INC.,
STEEL SEVEN LLC, and 52-08 ASSOCIATES,

       Defendants.
----------------------------------------------------------------x

**DORA L. IRIZARRY, Chief United States District Judge:**

  On September 6, 2017, defendants Grand Realty Associates, Inc. ("Grand Realty") and Steel Seven LLC ("Steel Seven") (collectively, "Removing Defendants"), with the written consent of defendant 52-08 Associates (collectively with Removing Defendants, "Defendants") filed a notice to remove this action from the Supreme Court for the State of New York, Queens County to this Court (the "Notice," Dkt. Entry No. 1). For the reasons set forth below, this case is remanded *sua sponte* to the state court.

## **BACKGROUND**

  On July 27, 2017, Plaintiff RHS Grand LLC ("Plaintiff") commenced this action in state court seeking an adjudication determining that Plaintiff is the owner in title to a parking area through adverse possession, or alternatively, determining that Plaintiff holds a prescriptive easement over the land. (Verified Complaint ("Compl.") ¶ 1, Ex. A to Notice.) On August 8, 2017, Removing Defendants first received the summons and verified complaint through service on the Division of Corporations of the New York State Department of State.[1] (Notice ¶ 2.) On September 6, 2017, Removing Defendants removed the action to this Court, asserting that there

---

[1] Removing Defendants' Notice is timely because it was filed within 30 days of receiving service. *See* 28 U.S.C. § 1446(b)(1).

was federal subject matter jurisdiction pursuant to the diversity statute, 28 U.S.C. § 1332. (Notice ¶ 6.) Specifically, Removing Defendants assert that the amount in controversy, the value of the disputed parking area, exceeds $75,000 and that there is complete diversity of citizenship between the parties. (*Id.*) However, neither the Notice nor the Complaint contains any allegation of fact establishing that: (1) the disputed parking area is valued at more than $75,000; or (2) no member of the Plaintiff LLC is domiciled in New York. Thus far, Plaintiff has not filed a motion for remand.

## DISCUSSION

As a threshold matter, the Court first must address whether it may remand this case to the state court *sua sponte*, absent a motion from Plaintiff. The relevant statute, 28 U.S.C. § 1447(c), states in pertinent part:

> A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a). If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.

*Id.* The Second Circuit has construed this statute as authorizing a district court, at any time, to remand a case *sua sponte* upon a finding that it lacks subject matter jurisdiction. *See Mitskovski v. Buffalo & Fort Erie Pub. Bridge Auth.*, 435 F.3d 127, 131, 133-34 (2d Cir. 2006) (citing *Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 541 (1986)).

Here, as in all cases removed to the federal courts, the removing party has the burden of establishing that the amount in controversy exceeds the $75,000 jurisdictional threshold mandated by 28 U.S.C. § 1332(a). *See Lupo v. Human Affairs Intern., Inc.*, 28 F.3d 269, 273-74 (2d Cir. 1994). "[I]f the jurisdictional amount is not clearly alleged in the plaintiff's complaint, and the defendant's notice of removal fails to allege facts adequate to establish that the amount in

controversy exceeds the jurisdictional amount, federal courts lack diversity jurisdiction as a basis for removing the plaintiff's action from state court." *Id*. The Second Circuit has cautioned district courts to "construe the removal statute narrowly, resolving any doubts against removability." *Stemmle v. Interlake Steamship Co.*, 2016 WL 4098559, at *3 (E.D.N.Y. July 27, 2016) (quoting *Lupo*, 28 F.3d at 274).

With respect to the amount in controversy jurisdictional requirement for diversity jurisdiction, the removing party must "prov[e] that it appears to 'a reasonable probability' that the claim is in excess of [$75,000]." *United Food & Commercial Workers Union, Local 919, AFL-CIO v. CenterMark Properties Meriden Square, Inc.*, 30 F.3d 298, 305 (2d Cir. 1994) (quoting *Tongkook Am., Inc. v. Shipton Sportswear Co.*, 14 F.3d 781, 784 (2d Cir.1994)). In actions seeking declaratory or injunctive relief, it is well established that the amount in controversy is measured by the value of the object of the litigation. *Correspondent Servs. Corp. v. First Equities Corp. of Florida,* 442 F.3d 767, 769 (2d Cir. 2006) (quoting *Hunt v. Washington State Apple Adver. Com'n,* 432 U.S. 333, 347 (1977).

In this case, Removing Defendants fail to meet their burden to show that the jurisdictional amount has been satisfied, as they rely solely on an assumption that the disputed parking area is valued at over $75,000. Both the Complaint and the Notice lack an appraisal of the land in dispute. Removing Defendants have made no allegations regarding the value of the disputed parking area, other than the conclusory allegation that "the Removing Defendants assert that the amount in controversy – the value of the disputed parcel of land – exceeds $75,000." (Notice at ¶ 10.) As such, the Court is left to guess at the amount a parking area located in Maspeth, Queens, New York is worth, and the Court is not equipped to make such guesses. As Defendant has failed to meet its burden, this Court lacks subject matter jurisdiction over this case.

Furthermore, Removing Defendants have not established that there is complete diversity in this case. Plaintiff is an LLC. As Removing Defendants note, for diversity purposes, citizenship of an LLC depends on the domiciles of its members. *Bayerische Landesbank, New York Branch v. Aladdin Capital Mgmt. LLC,* 692 F.3d 42, 49 (2d Cir. 2012). Removing Defendants assert that Plaintiff's owner and managing member, Ronald Stern, is a citizen of New Jersey. (Notice at ¶ 7.) Removing Defendants conclude that there is complete diversity because no defendant is a citizen of New Jersey. (*Id.* at ¶ 8.) However, Removing Defendants do not allege that Ronald Stern is the *sole* member of Plaintiff LLC. Without representing to the Court that every and all member(s) of Plaintiff is/are not citizens of New York, the Court cannot conclude that complete diversity exists here. *See ICON MW, LLC v. Hofmeister,* 950 F. Supp.2d 544, 546 (S.D.N.Y. 2013) (refusing to disregard LLC members for diversity purposes merely because they constituted less than one percent of the LLC membership).

Accordingly, the Court finds that based on the information contained in the Complaint and the Notice, Removing Defendants have failed to show a reasonable probability exists that Plaintiff's claim is in excess of $75,000 and have failed to establish complete diversity. Therefore, remand to the state court is proper.

## **CONCLUSION**

For the reasons set forth above, this case is remanded to New York State Supreme Court, Queens County, under Index No. 710306/2017.

SO ORDERED.

Dated: Brooklyn, New York  
      September 21, 2017

/s/  
Dora L. Irizarry  
Chief Judge